The following constitutes
the order of the court. Signed July 18, 2014

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>BERKELEY DELAWARE COURT, LLC,<br><br>    Debtor.<br>_____<br><br>FIRST CITIZENS BANK & TRUST COMPANY, as assignee of Christopher R. Barclay, Chapter 7 Trustee of Berkeley Delaware Court, LLC,<br>    Plaintiff,<br><br>    v.<br><br>EMIL SHOKOHI,<br>    Defendant.<br>_____<br><br>1080 DELAWARE LLC,<br><br>    Plaintiff-In-Intervention | No. 11-07128<br>Chapter 7<br><br><br><br><br><br>Adv. Pro. No. 13-04219 |

**MEMORANDUM FINDING LEASE VOIDABLE**

    The Court heard cross motions for summary judgment in the above-captioned adversary proceeding on April 21, 2014.  The

appearances made are noted on the record. At the conclusion of the hearing, the Court determined that relief was appropriate under section 549 of the Bankruptcy Code because the lease of real property, an apartment in a building previously owned by Berkeley Delaware Court, LLC, the Debtor in the bankruptcy case discussed below (the subject transaction) was a post-petition transfer of property belonging to the estate, and that the transfer was unauthorized because it was done in contradiction of a court order. The transfer did not qualify for the exemption established in subsection 549(c) because the transfer was not made to a purchaser. For these reasons, the Court found the transfer could be avoided pursuant to 549(a).

At the conclusion of the hearing there was disagreement as to whether the effect of the Court's ruling would be to render the lease "void" from the outset, or voidable (ie. void as of the date of the entry of summary judgment). The parties had not previously addressed that issue in their briefs, and the Court set a briefing schedule for parties to provide authorities to support their respective position for that issue. The Plaintiff-In-Intervention and Defendant submitted supplemental briefs, docket number 91 and 93, respectively. There was also an objection filed by the Plaintiff-In-

Case: 13-04219    Doc# 96    Filed: 07/18/14    Entered: 07/18/14 16:05:43    Page 2 of 13

Intervention as docket number 95. The disposition of this issue renders the objection moot.

## Background

Prior to commencement of this action, Berkeley Delaware Court, LLC ("Debtor"), the Debtor in two prior bankruptcy cases, owned real property in Berkeley, California, on which it constructed and ultimately operated an apartment complex. On November 5, 2009, well prior to completion of the project, the Debtor filed its first chapter 11 bankruptcy in the Southern District of California.[1] In an apparent recognition of the difficulties inherent in attempting to confirm a plan in a single asset real estate case in which the senior secured lender is undersecured, and holds a deficiency claim large enough to control any unsecured class in a plan, the Debtor and the secured lender, First-Citizens Bank & Trust Company ("First-Citizens"), came to an arrangement whereby the chapter 11 case was dismissed, the Debtor was given a set amount of time to sell or refinance the real property and the lender was given a deed in lieu of foreclosure that was placed into escrow, to be delivered to lender if the Debtor did not timely pay off the loan. In addition, in order to preserve the status quo and ensure First-Citizen's ability to take the property

---

[1] *In re Berkeley Delaware Court, LLC*, Case No. 09-17100-LA11, Doc. 1, (Bankr. S.D. Cal. Nov. 5, 2009).

Case: 13-04219   Doc# 96   Filed: 07/18/14   Entered: 07/18/14 16:05:43   Page 3 of 13

with as few burdens as possible the Debtor agreed not to encumber the property with leases, without the express written consent of First-Citizens.[2] An order was entered on June 28, 2010, approving this agreement. The first bankruptcy case was dismissed shortly after the June 28 order was issued. An order voluntarily dismissing the case was entered on September 9, 2010, and the case was closed on September 14, 2010.[3]

Unfortunately, the Debtor was unable timely to pay off First-Citizens and, facing default under the negotiated compromise, and apparently seeking to prevent delivery of the deed in lieu to the lender, on April 29, 2011, the Debtor filed a second chapter 11 bankruptcy case.[4] The Debtor neither timely commenced payments to First-Citizens, nor timely proposed a confirmable plan within the meaning of section 362(d)(3), and the Court concluded that it was required to grant relief from stay to lender by order entered on August 11, 2011.[5] This development notwithstanding and notwithstanding the prior court

---

[2] An Order on Approval of Post-Petition Financing & Compromise of Pending Litigation was entered by the bankruptcy court on June 28, 2010. *In re Berkeley Delaware Court, LLC*, Case No. 09-17100-LA11, Doc. 100 (Bankr. S.D. Cal. June 28, 2010). According to a settlement agreement entered into between a Chapter 7 Trustee and First Citizens Bank & Trust Company in a subsequent bankruptcy case, the Compromise of Pending Litigation effectively sold the property to First Citizens, and prohibited the Debtor from leasing the property. *First Citizens Bank v. Shokohi*, Adv. P. No. 13-04219, Doc. 81-2, Ex. C. (Bankr. N.D. Cal. Feb. 20, 2013).
[3] *In re Berkeley Delaware Court, LLC*, Case No. 09-17100-LA11, Doc. 103 (Bankr. S.D. Cal. Feb. 20, 2013).
[4] *In re Berkeley Delaware Court, LLC*, Case No. 11-07128-LA7, Doc. 1, (Bankr. S.D. Cal. Apr. 29, 2011).
[5] *Id.* at Doc. 32.

4

approved restriction on leasing the property, an agent for the Debtor entered into a lease agreement with the Defendant on September 5, 2011.[6] Pursuant to the lease agreement, the Defendant moved into an apartment on the property, and has remained in possession thereof from then to the present time.

For reasons not germane to this matter, the court converted the case to one under chapter 7 on March 2, 2012.[7] During the spring of 2012, Plaintiff-In-Intervention, 1080 Delaware LLC, purchased the Real Property from First-Citizens. Although not every aspect of the transaction has been explained, it appears the purchase agreement required First-Citizens to take further action regarding the lease encumbering the property. After discussion with representatives of First-Citizens in November 2012, a settlement agreement was entered into between the Chapter 7 Trustee and First-Citizens which transferred to First-Citizens the Trustee's power to avoid post-petition transactions under section 549 of the Bankruptcy Code. The agreement was approved by the bankruptcy court on November 26, 2012.[8]

Well before the transactions described in the preceding paragraph, First-Citizens attempted to void the lease in state

---

[6] *First Citizens Bank v. Shokohi*, Adv. P. No. 13-04219, Doc. 81-2, Ex. C. (Bankr. N.D. Cal. Feb. 20, 2013).
[7] *In re Berkeley Delaware Court, LLC*, Case No. 11-07128-LA7, Doc. 123, (Bankr. S.D. Cal. Apr. 29, 2011).
[8] *In re Berkeley Delaware Court, LLC*, Case No. 11-07128-LA7, Doc. 172, (Bankr. S.D. Cal. Apr. 29, 2011).

5

court. On January 23, 2012, First-Citizens brought an action in state court in an attempt to have the lease between Mr. Shokohi and the Debtor declared void. The Alameda County Superior Court dismissed the case holding First-Citizens could not pursue a section 549 action in state court. Additionally, four other actions involving the property are pending in Alameda County Superior Court: a cross-complaint for emotional distress filed by Mr. Shokohi in the aforementioned case, an action by Mr. Shokohi for declaratory and injunctive relief against the new owner, an unlawful detainer action by the new owner against Mr. Shokohi, and an action by the City of Berkeley against 1080 Delaware to enforce the pre-petition agreement requiring Debtor to provide ten units for low income tenants at the property. The first three of the actions have been stayed pending the outcome of this adversary proceeding.

On February 20, 2013, this adversary proceeding was filed in the second bankruptcy case.[9] On October 13, 2013, this adversary proceeding was transferred to the undersigned judge. This Court granted 1080 Delaware's *Motion to Intervene* on January 21, 2014.

At the hearing on April 21, 2014, this Court determined that section 549 applied to the September 5, 2011, lease

---

[9] *First-Citizens Bank & Trust Co. v. Emil Shokohi (In re Berkeley Delaware Court, LLC)*, Adv. Case. No. 13-04219, Doc. 1 (Bankr. S.D. Cal. Feb. 20, 2013).

agreement. Nevertheless, the Defendant has been living in the property over the last several years, and First Citizen's initial efforts to terminate the lease under state law have caused the tenant to raise defenses under California landlord tenant law, and to assert claims for affirmative relief under that law.

Consequently, whether section 549 renders the lease agreement void or voidable may affect the rights of the parties and the disposition of the state court claims.

### Discussion

The Plaintiff-In-Intervention contends that although the question has no legal import because the Court has already ruled in its favor on the motion for summary judgment, the Court should find the lease void ab initio. The Plaintiff-In-Intervention asserts that sections 549 and 362 work analogously to protect from improper transfers of the estate, and therefore, their effects should be the same, i.e. a lease found in violation of section 549 should be void ab initio. Defendant, however, argues that nothing in the language of section 549 permits a court to find a prohibited transaction void ab initio. As support for this proposition, Defendant highlights the differences between sections 549 and 362 as discussed in at least one Ninth Circuit opinion. *See generally*

Case: 13-04219   Doc# 96   Filed: 07/18/14   Entered: 07/18/14 16:05:43   Page 7 of 13

*Burkart v. Coleman, (In re Tippett)*, 542 F. 3d 684, 691 (9th Cir. 2008). Defendant asserts that these differences require that a court construe section 549 to render transfers voidable rather than void.

There is nothing in the language of section 549 or 550 (effect of avoidance) that expressly states that a judgment determining that a transaction is in violation of section 549 is affective retroactively. Nor is the term "avoid" so defined by the Code.

As the parties' papers demonstrate, however, an effective contrast may be drawn between the effect of and purpose behind section 362, and that of section 549.

The Ninth Circuit has long held that violations of the automatic stay are void, not voidable. Although such language is not provided expressly in the statute, the conclusion that a violation of the stay is void is consistent with the purpose of the stay, and supports the policy behind it. *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 571 (9th Cir. 1992).

The Ninth Circuit in *Schwartz* identified an "important and fundamental purpose of the automatic stay" as protecting debtors from their creditors while bankruptcy proceedings are underway. The court stated "[the stay] is designed to protect

Case: 13-04219    Doc# 96    Filed: 07/18/14    Entered: 07/18/14 16:05:43    Page 8 of 13

debtors from all collection efforts while they attempt to regain their financial footing." *Id.* This holding is consistent with Congressional intent. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978) ("The automatic stay is one of the fundamental debtor protections . . . .").

    The Ninth Circuit has unequivocally held that "[t]ransfers in violation of the automatic stay are void." 40235 Washington St. Corp. v. Lusardi, 329 F.3d 1076, 1080 (9th Cir. 2003). This is necessary to guarantee that the sweeping protections offered by the automatic stay are effective. *Schwartz* at 570. Requiring the debtor to take affirmative actions to receive the benefits of the automatic stay would render section 362 significantly less effective. *Id.* (If violations of the stay are merely voidable, debtors must spend a considerable amount of time and money policing and litigating creditor actions."); *see also In re Tippett,* 542 F.3d 684, 691 (9th Cir. 2008) ("We concluded that the purpose of the provision . . . could be vindicated only if all violations were rendered void, not merely voidable."). The legal consequence of a transfer being void is to say the transfer is "without effect." *See Lusardi* at 1080.

    The prohibition on post-petition transfers of section 549 serves a different purpose than the section 362 automatic stay.

Case: 13-04219    Doc# 96    Filed: 07/18/14    Entered: 07/18/14 16:05:43    Page 9 of 13

The automatic stay offers broad protections to allow the bankruptcy process to function; the avoiding powers afforded by section 549 allow for a specific wrong to be corrected, including one perpetrated by the debtor. *Lusardi* at 1081 ("[t]he purpose of section 549, in contrast [to section 362], is to provide a just resolution when the debtor himself initiates an unauthorized postpetition transfer. The general rule in such situations is that the trustee is authorized to avoid the transfer in order to protect creditors.").

Because of this different purpose, section 549 — and analogous code sections 546, 547, 548 et. al. — function differently than the section 362 automatic stay. These sections create litigation tools. By definition, an action brought under section 549 requires findings of facts, and legal conclusions to reach a determination, and a court decree to be enforceable. Section 549 actions are subject to a number of considerations inapplicable to the automatic stay. The avoidance power created by section 549 is subject to a statute of limitations. 11 U.S.C. § 549 (d) (2012). The ability to avoid a transfer by invoking section 549 can be rebutted by affirmative defenses. *Id.* at § 549 (c). Furthermore, a trustee has the discretion to choose not to bring an action to avoid a transfer under 549.

Case: 13-04219    Doc# 96    Filed: 07/18/14    Entered: 07/18/14 16:05:43    Page 10 of 13

Because section 549 has a different purpose and functions differently than section 362, transfers falling under section 549 are not void as a violation of the automatic stay. Instead, section 549(a) transfers are voidable. *In re Jim L. Shetakis Distrib. Co.*, 401 F. App'x 249, 251 (9th Cir. 2010). In *Shetakis*, the Ninth Circuit determined a postpetition lease and option to purchase that may be avoided pursuant to section 549(a) was voidable and not void. *Id.* According to the Ninth Circuit, "unauthorized transfers of property initiated by the debtor are voidable by the trustee under section 549." *Id*.

The Ninth Circuit has recognized that there are situations in which section 362 and 549 overlap. *See Tippett* at 691. A transaction that is voidable under 549 may also be in violation of the section 362 automatic stay provision. However, section 549 and 362 are not in conflict. The language and legislative purpose of section 549 provide for its appropriate application. Frequently, avoidance under section 549 is appropriate when the debtor is a willing participant to the transaction. *Id.*

### Conclusion

Without statutory language to the contrary, legal judgments are effective as of the date issued. Section 549 contains no language to indicate that the effect of a 549 avoidance judgment was intended to be retroactive. Therefore,

11

and for the reasons set forth in this Memorandum, a transfer found to be in violation of section 549 is avoided as of the date the court issues a judgment of that finding, and not before.

    Unlike a void transfer under section 362, a transfer that is voidable remains effective until action is taken and a judgment is entered. Such a transfer, therefore, is not totally without effect, but is rendered ineffective by a ruling of the court avoiding the transfer.

    The Plaintiff-In-Intervention is directed to prepare a form of Judgment consistent with the Court's ruling as stated on the record during the April 21 hearing and consistent with the conclusions reached in this Memorandum.

**\*END OF MEMORANDUM\***

**COURT SERVICE LIST**

Ori Katz
Sheppard, Mullin, Richter and Hampton
4 Embarcadero Center 17th Fl.
San Francisco, CA 94111

J. Barrett Marum
Sheppard Mullin Richter and Hampton
501 W Broadway 19th Fl.
San Diego, CA 92101

Law Office of Leah Hess
c/o Leah Hess
1814 Franklin Street, Suite 805
Oakland, CA 94612