

The following constitutes the order of the court.
Signed October 3, 2014

_____
**William J. Lafferty, III
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

```
In re                                |
                                     |  No. 11-07128
BERKELEY DELAWARE COURT, LLC,        |  Chapter 11
                                     |
         Debtor.                     |
_____|
                                     |
FIRST CITIZENS BANK & TRUST          |
COMPANY, as assignee of              |
Christopher R. Barclay,              |
Chapter 7 Trustee of Berkeley        |
Delaware Court, LLC,                 |  Adv. Pro. No. 13-04219
     Plaintiff,                      |
                                     |
            v.                       |
                                     |
EMIL SHOKOHI,                        |
     Defendant.                      |
_____|
1080 DELAWARE LLC,                   |
                                     |
     Plaintiff-In-Intervention       |
_____|
```

**MEMORANDUM REGARDING FORM OF ORDER**

A hearing was held in the above-captioned adversary proceeding on April 21, 2014.  The court determined that the

1

leasing of the rental property to the Defendant violated section 549 of the United States Bankruptcy Code, and entered a *Memorandum Finding Lease Voidable* which determined that relief under section 549 rendered the subject transaction voidable but not void.

The Plaintiff-in-Intervention submitted a proposed order granting summary judgment to the court on October 1, 2014. A copy of the proposed order was served on Defendant, and a response was filed. The Defendant believes the following language should be included in the order: "The Court has not ruled on any state law issues, including issues of waiver and estoppel, and whether any party has ratified the lease by its statements or conduct." For the reasons discussed below, the court believes this language is overbroad and should not be included in the order.

In determining that section 549 applied to the transfer, the court necessarily considered and rejected arguments made by the Defendant that the transfer should not be avoided for reasons based on waiver, estoppel, and ratification of the lease. In the Defendant's *Memorandum of Points and Authorities in Opposition to 1080 Delaware's Motion for Summary Judgment* the Defendant argued that there were triable issues of fact because Plaintiff-in-Intervention adopted and ratified the

Case: 13-04219    Doc# 111    Filed: 10/03/14    Entered: 10/06/14 11:50:31    Page 2 of 4

Defendant's lease.  The court considered the Defendant's Opposition prior to the April 21 hearing.  At the conclusion of the hearing, the court granted Plaintiff-in-Intervention's motion for summary judgment and necessarily rejected this argument.  The court affirmatively found the transfer voidable under section 549(a).  Consequently, the Defendant cannot raise issues of waiver or estoppel if inconsistent with the court's determination that the lease is voidable.  The language the Defendant requests be included in the order is overbroad.

Defendant also requests the following language be removed from the proposed order: [the Lease] "is of no further effect as of the entry of this Order."  This language is consistent with the court's ruling at the conclusion of the April 21 hearing and the *Memorandum Finding Lease Voidable*.  This language shall remain in the proposed order.

Having so determined, the court made no other findings or determinations with respect to issues involving waiver, estoppel, or ratification beyond the applicability of section 549 to the initial lease transaction.  The court will enter a copy of the proposed order submitted by the Plaintiff-in-Intervention.

**\*END OF MEMORANDUM\***

**COURT SERVICE LIST**

Shepard Mullin Richter & Hampton LLP
c/o Ori Katz, Aaron Malo; Charlotte O. Cunningham
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

Sheppard Mullin Richter & Hampton LLP
c/o Ori Katz, Aaron J. Malo; Charlotte O. Cunningham
Four Embarcadero Center, 17th Floor
San Francisco, Ca 9411

Law Office of Leah Hess
c/o Leah Hess
1814 Franklin Street, Suite 805
Oakland, CA 94612